The plaintiff owned a tract of land on the Derita Road near the city of Charlotte. He developed this land into residential lots and to add to the desirability of the lots laid a water line about 3,500 feet long. The defendant city gave permission for the laying of such water line and furnished the specifications therefor and supervised the construction. The cost of the line was approximately $1,700, which was paid by the plaintiff.
The plaintiff testified as follows: "He arranged with Mr. Vest, superintendent of the water department of the city, that he would not take any one on my line without an order from me. He was to get an order from me and when I gave the order to him the tapping fee was to be paid to me, and I was to write an order to Mr. Vest after that, *Page 838 
and he was then to connect the water and charge them for the water. . . . The city made one connection that I know of for a man named Freeze . . . without my consent or without notifying me. . . . When I ran my water line out there I expected the city would run water through it and that it would charge for the water. . . . Provision was made in front of each lot so that you just had to tap on to get the water in there. . . . We just put a little T there so that they could get into the house. I do not contend that I still own the water line. I say the city owns it all. The city evidently owns it all. I say that because they permitted one man to tap on that they own it all now."
Upon the foregoing evidence the plaintiff contended that as the city had permitted a man named Freeze to tap the water line owned by him that such tapping constituted an appropriation by the city of the whole line, and consequently the plaintiff brought suit for the value of his property.
The city denied that it had appropriated any property belonging to the plaintiff.
The following issues were submitted to the jury:
1. "Was the plaintiff the owner of the pipe line in March, 1930, as alleged in the complaint?"
2. "Did the defendant appropriate to its own use any part of or all of plaintiff's pipe line in March, 1930, as alleged in the complaint?"
3. "What was the value of the line or the part thereof appropriated by the defendant in March, 1930?"
The first issue was answered "Yes"; the second issue "Yes, one tapping," and the third issue "$65.00."
From judgment upon the verdict the plaintiff appealed.
The plaintiff owned and constructed a water line and made provisions in such construction for taps to be made for the use of purchasers of lots in his subdivision. Moreover he constructed the line as he testified with the full knowledge that the city would run water through it and that it would charge for the water. There was evidence that the city had given one person permission to tap the line without the consent of plaintiff, and that the regular tapping fee was $65.00. The city denies that it has appropriated the property.
All phases of the case were submitted to the jury by the trial judge, and no error of law appears in the record.
Affirmed. *Page 839